IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUANITA BURCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3086-M-BN |
| | § | |
| FREEDOM MORTGAGE CORP., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 3.

The undersigned makes Findings, Conclusions and Recommendation on four pending motions: (1) Plaintiff Juanita Burch's motion to remand, *see* Dkt. No. 8; (2) Defendant Freedom Mortgage Corporation's motion to dismiss, *see* Dkt. No. 5; (3) Defendant Freedom Mortgage Corporation's motion for sanctions, *see* Dkt. No. 12; and (4) Plaintiff Juanita Burch's motion to strike, *see* Dkt. No. 10.

For the reasons explained below, the Court should deny the motion to remand, grant the motion to dismiss, and deny the motion for sanctions and the motion to strike.

**Background**

This is the most recent in a series of lawsuits filed by Plaintiff, her husband William "Bill" Burch, or both regarding real property located at 1713 Enchanted Lane in Lancaster, Texas.

<u>The Note and Deed of Trust</u>

Plaintiff purchased the Enchanted Lane Property on November 17, 2006 and financed the purchase through a loan from Defendant Freedom Mortgage Corporation ("Freedom"). *See* Dkt. No. 1-2 at 21-23 (the "Note"). The Note is secured by a Deed of Trust, which identifies both Plaintiff and Bill Burch as borrowers and both executed the Deed of Trust. *See* Dkt. No. 6-1 at 17-36. The Note and Deed of Trust are sometimes referred to collectively as the "lien."

<u>The 2008 Bankruptcy</u>

Bill Burch and Plaintiff filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas on December 1, 2008. *See In re Burch*, No. 08-45761-rfn11 (Bankr. N.D. Tex. 2008). The Enchanted Lane Property was part of the bankruptcy estate.

United States Bankruptcy Judge Russell F. Nelms confirmed a bankruptcy plan on December 8, 2009. Section 5.8 provided:

> Based upon the Debtors' current value of the Enchanted property, the Debtors will enter into a New Enchanted Note in the original principal amount of $68,000 ("New Enchanted Note"). The New Enchanted Note shall bear interest at the rate of 5% per annum. The Debtors shall pay the New Enchanted Note in 360 equal monthly payments of $365.04 commencing on the Effective Date.

Dkt. No. 1-2 at 37 ¶ 5.8 (Exhibit B to Plaintiff's Original Petition). Section ¶13.4
provided:

> Any distribution pursuant to this Plan which remains unclaimed for a
> period of six (6) months from the due date of such distribution is
> forfeited.

*Id*. at 42 § ¶13.4.

No party appealed, and the case was closed on September 11, 2012.

The 2012 Bankruptcy

Bill Burch filed a voluntary petition for relief under Chapter 13 of the
Bankruptcy Code in the United States Bankruptcy Court for the Northern District of
Texas on December 28, 2012. *See in re Burch*, No. 12-469-59-mxm7 (Bankr. N.D. Tex.
2012). The case was converted to a Chapter 11 on December 23, 2013 and to a Chapter
7 on January 30, 2018. The Enchanted Lane Property is part of the bankruptcy estate.
This bankruptcy case is still open.

Burch I

Bill Burch and Plaintiff sued Freedom in the 101st District Court of Dallas
County, Texas on December 5, 2017. *See* Dkt. No. 6-1 at 5-15 (Case No. DC-187-
16541). They asserted claims for breach of contract, slander of title, and to quiet title.

The case was removed to the United States District Court for the Northern
District of Texas. *See Burch v. Freedom Mortgage Corp.*, No. 3:17-cv-3388-G (N.D.
Tex. 2017) ("Burch I"). Senior District Judge A. Joe Fish dismissed the case on non-
substantive grounds on March 8, 2018.

3

Burch II

Bill Burch sued Freedom, Loan Care Servicing Center and JPMorgan Chase Bank in the 192nd District Court of Dallas County, Texas on September 20, 2018. *See* Dkt. No. 6-1 at 53-61 (Case No. DC-18-14312) ("Burch II"). He asserted claims for violation of Texas Civil Practices and Remedies Code § 12.003 regarding filing fraudulent court records, violations of the Texas Deceptive Trade Practices Act, and to quiet title.

The case was removed to the United States District Court for the Northern District of Texas. *See Burch v. Freedom Mortgage Corp.*, No. 3:18-cv-2731-M (N.D. Tex. 2018). Chief Judge Lynn referred the case to the United States Bankruptcy Court on August 5, 2019, where it became Advisory Proceeding No. 19-4084-mxm in the 2012 Bankruptcy.

United States Bankruptcy Judge Mark X. Mullin granted Freedom's motion for judgment on the pleadings and dismissed the case on March 27, 2020. *See Burch v. Freedom Mortgage Corp.*, Adversary Proceeding No. 19-4084-mxm at Dkt. Nos. 25, 26. Judge Mullin denied Bill Burch's motion to reverse all orders on May 6, 2020. *See id.* at Dkt. No. 37.

United States District Judge Reed O'Connor dismissed the appeal on June 30, 2020 on non-substantive grounds. *See id.* at 52; *Burch v. Freedom Mortgage Corp.,* No. 4:20-cv-521-O (N.D. Tex. 2020).

Burch III

4

Bill Burch and Plaintiff sued Freedom in the 348th District Court of Tarrant County, Texas on December 26, 2019. *See* Dkt. No. 6-1 at 121-38 (Case No. 348-314136-19) ("Burch III"). They asserted claims for violations of Texas Property Code § 53.160 (invalid lien), Texas Civil Practices and Remedies Code § 12.003 (fraudulent lien), and Texas Finance Code § 391.002 (furnishing false credit information), breach of contract, and trespass to try title.

The case was removed directly to the United States Bankruptcy Court for the Northern District of Texas, where it became Adversary Proceeding No. 20-4007-mxm in the 2012 Bankruptcy.

Judge Mullin granted Freedom's motion for judgment on the pleadings and dismissed the Burches' claims on March 27, 2020. *See* Dkt. No. 6-1 at 140-52; *see also Burch v. Freedom Mortgage Corp.*, Adversary Proceeding No. 20-4007-mxm at Dkt. Nos. 15, 16. Judge Mullin denied their motion for reconsideration on April 7, 2020. *See id.* at Dkt. No. 23.

United States District Judge John McBryde dismissed the appeal on May 14, 2020 on non-substantive grounds. *See id.* at Dkt. Nos. 39, 40; *Burch v. Freedom Mortgage Corp.,* No. 4:20-cv-364-A (N.D. Tex. 2020).

Bill Burch and Plaintiff appealed to the United States Court of Appeals for the Fifth Circuit on May 21, 2020. *See id.* at Dkt. No. 41; *see Burch v. Freedom Mortgage Corp.*, No. 20-10498 (5th Cir. 2020). The appeal was consolidated with five other appeals by the Burches from similar adversary proceedings. The Burches' appeal is

currently pending.

Vexatious Litigant Order

Judge Mullin designated Bill Burch a vexatious litigant on July 10, 2020. *See*

Dkt. No. 6-1 at 154-70; *In re Burch*, No. 12-46959-mxm7 at Dkt. No. 824. Among other

things, Judge Mullin restricted Bill Burch's ability to

> file future lawsuits, motions, pleadings, or other requests for affirmative
> relief in any federal trial court, or Texas state or local court, against any
> party involving personal or real property that was included in the
> Debtor's 2008 Bankruptcy Case or 2012 Bankruptcy Case (the
> "Restricted Subject Matter") without first securing this Court's prior
> written authorization to do so."

The Enchanted Lane Property is part of the Restricted Subject Matter because it is

property of the estate in both the 2008 and 2012 Bankruptcies.

Burch IV (this case)

Plaintiff sued Freedom in the 95th District Court of Dallas County, Texas on

October 2, 2020. *See* Dkt. No. 1-2 at 6-19 (Case No. DC 20-14436). Plaintiff alleges

the 2009 Bankruptcy plan confirmation order invalidated Freedom's lien on the

Enchanted Lane Property and that Freedom permanently forfeited any claim to the

property because the Note and Deed of Trust were not replaced within six months.

*See* Dkt. No. 1-2 at 6-19 (Plaintiff's Original Petition); *Id.* at 37, 42 (citing ¶¶ 5.8 and

13.4 of the 2009 Bankruptcy plan confirmation order). Plaintiff asserts claims for

breach of contract based on Freedom's alleged non-compliance with the 2009

Bankruptcy plan confirmation order and to quiet title to remove Freedom's lien from

the property. She also seeks a temporary restraining order to prevent a foreclosure sale of the Enchanted Lane Property. *See id.* at 93.

The case was removed to this Court based on diversity jurisdiction on October 9, 2020. *See* Dkt. No. 1.

Supplemental Vexatious Litigant Order

Judge Mullin designated Plaintiff a vexatious litigant on February 2, 2021. *See In re Burch*, No. 12469-59-mxm7 at Dkt. No. 966. He also imposed the same pre-filing injunction on her that he previously imposed on Bill Burch.

Pending Motions

Freedom filed a motion to dismiss on October 16, 2020. *See* Dkt. No. 5. Freedom argues that Plaintiff's claims should be dismissed because they are barred by collateral estoppel and because the statute of limitations has run on Plaintiff's claims.

Plaintiff filed a motion to remand on October 26, 2020. *See* Dkt. No. 8. Plaintiff argues that Freedom failed to show the amount-in-controversy requirement has been met and that removal was improper because it was based on an anticipated federal law defense.

Plaintiff filed a motion to strike on Defendant on November 1, 2020. *See* Dkt. No. 10.

And Freedom filed a motion for sanctions on November 17, 2020. *See* Dkt. No. 12. Freedom seeks monetary and injunctive sanctions against both Plaintiff and Bill Burch for their willful violations of Judge Mullin's July 10, 2020 vexatious litigant

order and amendment of that order to include lawsuits brought by Plaintiff against Freedom.

The undersigned will address the motion to remand first and, because the undersigned concludes it should be denied, will then address the motion to dismiss, the motion for sanctions, and the motion to strike.

## Legal Standards

### I.    Motion to Remand

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.,* 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.,* 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n. 2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

For a federal court to have jurisdiction over a state action based on diversity, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). Individuals are citizens of the states where they are domiciled, as "for purposes of federal diversity jurisdiction, 'citizenship' and 'domicile' are synonymous." *Hendry v. Masonite Corp.,* 455 F.2d 955, 955 (5th Cir. 1972). For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company is determined by the citizenship of all its members. *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.,* 757 F.3d 481, 483 (5th Cir. 2014); *Harvey,* 542 F.3d at 1080.

The amount in controversy is the "value of the object of the litigation." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408-09 (5th Cir. 1995) (internal quotation marks omitted).

If no amount of damages has been alleged in the state-court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993). This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

The court looks "only to the face of the complaint" and asks "whether the amount in controversy exceeds the jurisdictional limit." *Ervin v. Sprint Commc'ns Co. LP,* 364 F. App'x 114, 117 (5th Cir. 2010) (internal quotation marks omitted); *see also Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995). Jurisdictional facts are determined "as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253-54 (5th Cir. 1998). Only if the amount in controversy is not readily apparent from the state-court petition may the Court consider other evidence to determine the amount in controversy at the time of removal. *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996). For instance, post-removal declarations are generally not a part of determining an amount in controversy. *See Ford v. United Parcel Serv., Inc. (Ohio),* No 3:14-cv-

1872-D, 2014 WL 4105965, at *4 (N.D. Tex. Aug 21, 2014). They can only be considered if the jurisdictional amount was ambiguous on the face of the state petition or at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880,883 (5th Cir.2000); *St. Paul Reinsurance Co.,* 134 F.3d at 1254 n. 18. If the state-court petition on its face satisfies the amount-in-controversy requirement, a plaintiff's later attempt to "clarify the amount in controversy cannot divest jurisdiction." *Robinson v. Wal Mart Stores Texas, LLC.,* 561 F. App'x 417, 418 (5th Cir. 2014).

II.   <u>Motion to Dismiss</u>

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere

11

possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank*

*of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document

13

referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

## Analysis

I.    The Court should deny the motion to remand.

      A.    The amount-in-controversy requirement has been met.

Plaintiff moves to remand the case back to state court, alleging that Freedom has failed to prove the amount in controversy exceeds the $75,000 minimum jurisdictional requirement.

Although Plaintiff was precluded by Texas state law from alleging a specific amount of damages in her original petition, *see* Tex. R. Civ. P. 47, she did allege that the amount of her "claim is below the amount allowed for removal" on the basis of diversity jurisdiction and that "[a]ny other damages awarded should not exceed the $75,000 limit," Dkt. No. 1-2 at 7, 19. She also sought injunctive relief to stop the foreclosure sale of the Enchanted Lane Property. *See id.* at 93-128.

14

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adv. Comm'n*, 432 U.S. 333, 346-47 (1977). "To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (citing *Texas Acorn v. Texas Area 5 Health Sys. Agency, Inc.*, 559 F.2d 1019 (5th Cir. 1977)). "In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)); *see also Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 640 (5th Cir. 2003) (noting that, in an action for injunctive relief, the amount in controversy is measured by the value of the object of the litigation).

Here, the "object" is the Enchanted Lane Property. In support of its notice of removal, Freedom relies on the Tarrant County Appraisal District's valuation of the Property at $148,930.00, *see* Dkt. No. 1-3, which is well above the $75,000 threshold jurisdictional requirement. The Court may rely on a property appraisal from the Tarrant County Appraisal District as proof of the property's value. *See Kinappraisgman Holdings, L.L.C. v. Everbank*, 5:14-CA-00126-OLG, 2014 WL 12588343, at *2 (W.D. Tex. Mar. 25, 2014) (collecting cases). Appraisal district records

are public records under Federal Rule of Evidence 803(8) because they represent the findings of a government process to collect information about real property. *See Hearn v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-cv-2417-B, 2013 WL 6079460, at *4 (N.D. Tex. Nov. 18, 2013).

Accordingly, the amount in controversy in this case exceeds $75,000.00, and this case is properly subject to the Court's diversity jurisdiction.

B. Removal was not based on a federal law defense.

Plaintiff also contends that removal was improper because it was based on an anticipated defense that Plaintiff's claims are precluded by bankruptcy court orders. *See* Dkt. No. 8 at 3-4. Plaintiff relies on *Rivet v. Regions Bank of Louisiana*, in which the United States Supreme Court held that "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." 522 U.S. 470, 475 (1998) (internal quotation marks omitted). But that case and argument are inapplicable here because the sole basis for removal was diversity of citizenship.

C. The Enchanted Lane Property is part of Bill Burch's bankruptcy estate and subject to the core jurisdiction of the federal courts.

District courts have jurisdiction of all cases filed under the Bankruptcy Code and "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1341(b). The Court also has exclusive jurisdiction over all

property of the bankruptcy estate. *See* 28 U.S.C. § 1334(e)(1). The Bankruptcy Code defines the term "property of the estate" to include "[a]ll legal interests of the debtor in property as of the commencement of the case" and "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is under the sole, equal, or joint management and control of the debtor." 11 U.S.C. §§ 541(a)(1), (2). "The administration of property of the estate and the determination of the validity, extent and priority of liens on the property of the estate falls within this Court's core jurisdiction." *In re Chambers*, 419 B.R. 652, 667 (Bankr. E.D. Tex. 2009); *In re Pickett*, 362 B.R. 794, 796 (Bankr. S.D. Tex. 2007).

Contrary to Plaintiff's assertions, Freedom's "core jurisdiction" argument is not an improper attempt to interplead her husband as a party to this litigation. Instead, it is based on the Enchanted Lane Property, which is the object of this lawsuit and property of the estate in the bankruptcy proceedings.

Accordingly, the undersigned concludes that the Court has federal question jurisdiction.

II.    The Court should grant the motion to dismiss.

A.    Plaintiff's claims are barred by collateral estoppel.

Under the doctrine of collateral estoppel, also known as issue preclusion, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ndom v. Nielsen*, 3:16-cv-3432-D, 2019 WL 339117, at *5 (N.D. Tex. Jan. 28, 2019) (quoting

-17-

*RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970), and citing Restatement (Second) of Judgments § 27 (1982)), *overruled on other grounds as recognized by In re Ritz*, 832 F.3d 560 (5th Cir. 2016)). "The applicability of collateral estoppel is a question of law." *Id.* (quoting *Test Masters Educational Servs., Inc. v. Robin Singh Educational Services, Inc.*, 799 F.3d 437, 444 (5th Cir. 2015) (quoting *Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013)). Collateral estoppel principles apply in bankruptcy dischargeability proceedings. *See In re Keaty,* 397 F.3d 264, 270 (5th Cir. 2005) (*citing Grogan v. Garner*, 498 U.S. 279 285 (1991)). And, if a collateral estoppel defense is established on the face of Plaintiff's complaint, and matters that the Court may judicially notice, it is a proper ground for dismissal under Rule 12(b)(6). *See Crear v. JPMorgan Chase Bank, N.A.*, __ F. Supp. 3d ___, No. 3:19-cv-2255-M-BT, 2020 WL 5848991, at *3 (N.D. Tex. Sept. 30, 2020); *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 774 (N.D. Tex. 2008).

To preclude litigation of an issue under the doctrine of collateral estoppel, a party must show that: "(1) the issue at stake must be identical to the one involved in the prior action, (2) the issue must have been actually litigated in the prior action, and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action." *See Jenny Yoo Collection, Inc. v. Watters Designs, Inc.*, 3:17-cv-3197-M, 2018 WL 3330025, at *7 (N.D. Tex. June 6, 2018) (citing *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999)).

Those requirements are met here.

First, the issue at stake here is identical to the one involved in the prior actions.

In this case, Plaintiff's claims for breach of contract and to quiet title are based on the underlying issue of whether Freedom's alleged failure to comply with the Bankruptcy Court's 2009 plan confirmation order by not issuing a new mortgage note on the Enchanted Lane Property within six months invalidated the lien. *See* Dkt. No. 1-2 at 6-19. This issue was raised in Burch II and Burch III. Plaintiff's breach of contract claim is based on Freedom's alleged failure to void the Note and replace it with a new note within six months of the date of confirmation order. The same issue was raised in both Burch III and Burch IV. *Compare* Dkt. No. 6-1 at 57-58 ¶¶ 11-14 (Burch III) with Dkt. No. 1-2 at 12-14 ¶¶ 20-25 (Burch IV). In her suit to quiet title, Plaintiff alleges that the Enchanted Lane Property is encumbered by Freedom's allegedly invalid or unenforceable lien on the Enchanted Lane Property. The same issue was raised in Burch II, Burch III, and Burch IV. *Compare* Dkt. No. 6-1 at 58 ¶ 16 (Burch II) *with id.* at 134 ¶ 36 (Burch III) *with* Dkt. No. 1-2 at 15 ¶ 26 (Burch IV). And vague claims that Freedom's lien was invalid because of Freedom's alleged non-compliance with the 2009 Bankruptcy Court's plan confirmation order were raised in Burch II, Burch III, and Burch IV. *Compare* Dkt. No. 6-1 at 56-47 (Burch II) *with id.* at 122-27 (Burch III) *with* Dkt. No. 1-2 at 7-12 ¶¶ 4-19 (Burch IV).

Plaintiff responds that her claims are not subject to collateral estoppel because she is not a party to the prior proceedings brought by Bill Burch alone. The party

against whom collateral estoppel would be applied generally must have been a party in the prior action. *See Taylor v. Sturgell,* 553 U.S. 880, 892-93 (2008); *see also Terrell v. DeConna*, 877 F.2d 1267, 1270 (5th Cir. 1989) ("The imposition of a preclusive bar against a non-party to the original adjudication is limited for obvious reasons: a non-party has had no day in court.").

But the United States Supreme Court has recognized six exceptions to the rule against nonparty preclusion. *See Sturgell*, 553 U.S. at 894. One of them is when a nonparty is in a pre-existing substantive legal relationship with a party to the judgment. *See id*. The fiduciary duty between a husband and wife regarding community property controlled by each spouse is such a substantive legal relationship. *See Cuauhtli v. Chase Home Finance LLC*, 308 F. App'x 722, 773-74 (5th Cir. 2009). Because Plaintiff and Bill Burch are in privity as husband and wife regarding the Enchanted Lane Property, which was listed as community property in the bankruptcy proceedings, Plaintiff's claims may be precluded if they are based on the same issue raised by Bill Burch in the prior actions.

Second, the issue was previously litigated. To be "actually litigated" for collateral estoppel purposes, the issue must be "raised, contested by the parties, submitted for determination by the court, and determined." *In re Keaty*, 397 F.3d 264, 272 (5th Cir. 2005) (citing cases). Judge Mullin granted Freedom's motions for judgment on the pleadings and dismissed the Burches' claims in both Burch II and Burch III. *See* Advisory Proceeding No. 19-4084-mxm at Dkt. Nos. 25, 26 (Burch II);

Adversary Proceeding No. 20-4007-mxm at Dkt. Nos. 15, 16 (Burch III) (also at Dkt. No. 6-1 at 140-52). The judgment in Burch II is a final judgment.

Third, the effect of Freedom's alleged non-compliance with the 2009 Bankruptcy plan confirmation order on the validity of Freedom's lien was necessary to support the prior judgments.

In his orders granting the motions for judgment on the pleadings, Judge Mullin initially addressed allegations in Bill Burch's "Complaint that infect the entire document with the Plaintiff's erroneous notions of an invalid or void note and deed of trust on the Enchanted Property." Judge Mullin explained that the 2008 Bankruptcy Plan provisions "do not support the Plaintiff's allegation that there will be no claim or lien on the Enchanted Property if new loan documents are not signed within six months" and that "there is nothing in the 2008 Bankruptcy Case Chapter 11 Plan that provides for the voiding or disallowance of the claim and lien related to the Enchanted Property." Judge Mullin then concluded that Bill Burch failed to state plausible claims, including claims for breach of contract, trespass to try title, and invalid lien, because his claims were based on allegations concerning the allegedly invalid note and mortgage on the Enchanted Lane Property.

Accordingly, Plaintiff's breach of contract and suit to quiet title claims are precluded under the doctrine of collateral estoppel.

### B. Plaintiff's claims are time-barred.

Plaintiff's breach of contract and suit to quiet title claims are also subject to

dismissal based on the statute of limitations, as an alternative, additional ground.

In her original petition, Plaintiff states that she knew of Freedom's alleged failure to amend the mortgage note on the Enchanted Lane Property at least ten years ago. She alleges that she sent a letter to the loan servicer on January 31, 2011, stating the note was no longer in effect and the lien must be removed as required by the 2009 bankruptcy plan confirmation order. *See* Dkt. No. 1-2 at 10 ¶ 15.

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003))).

The statute of limitations for a breach of contract action claim is four years. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a). And, although there is no statute of limitations bar "where a deed of trust is absolutely void," the statute of limitations for a voidable lien is four years. *See Wiltse v. Carrington Mortg. Servs., LLC,* No. 4:12-cv-680-A, 2002 WL 12883037, at * 3 (N.D. Tex. Dec. 28, 2012) (citations omitted); *Ford v. Exxon Mobile Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007).

In her original petition, Plaintiff does not allege the lien was void ab initio or a mere nullity "passing no title and conferring no legal rights whatsoever." *Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942). Instead, she alleges that the lien was voidable and that the 2009 bankruptcy plan confirmation order voided the lien. Consequently,

-22-

the four-year statute of limitations applies to her suit to quiet title.

Plaintiff includes a section addressing the statute of limitations defense and expressly refers to Section 16.051 of the Texas Civil Practices and Remedies Code, which provides that "[e]very action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.051. In that section, Plaintiff makes the general statement "[t]olling would also render any statute of limitations argument moot." *Id.* at 18. She does not mention tolling under provisions of the Bankruptcy Code.

But in her response, she argues that the Bankruptcy Code's tolling provisions save her claims. Plaintiff was not a party to Bill Burch's 2012 bankruptcy case and cannot take advantage of any bankruptcy tolling provision that may be available to him. But post-confirmation debtors like Bill Burch are not entitled to bankruptcy tolling because their interests diverge from those of the creditors of the bankruptcy estate. *See U.S. for Use of Am. Bank v. C.I.T. Constr. Inc. of Texas*, 944 F.2d 253, 260 (5th Cir. 1991). And the event on which Plaintiff bases her claims arose post-petition, and the bankruptcy tolling provisions do not apply to post-petition claims. *See Matter of Phillip*, 948 F.2d 985, 987 (5th Cir. 1991).

"To succeed at the Rule 12(b)(6) stage based on a limitations defense, the defense must 'clearly appear[ ] on the face of the complaint,'" and the pleadings must "'fail to raise some basis for tolling or the like.'" *Rodriguez v. S. Health Partners, Inc.*,

3:20-cv-45-D, 2020 WL 7056336, at *15 (N.D. Tex. Dec. 2, 2020) (quoting *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987); *Jones*, 339 F.3d at 366). Here, a defense based on the tolling provisions of the Bankruptcy Code does not clearly appear on the face of Plaintiff's Original Petition. And Plaintiff's statement that tolling would render any statute of limitations argument moot is too general to plead any basis for tolling that would prevent her claims from being barred. *See id.*

Accordingly, because Plaintiff waited more than nine years to bring her claims for breach of contract and to quiet title, and her pleadings fail to raise a legally valid basis for tolling, both of Plaintiff's claims are barred by the statutes of limitations and subject to dismissal on this additional, alternative ground.

III.    The Court should deny the motion for sanctions.

Freedom seeks monetary and injunctive sanctions under Federal Rule of Civil Procedure 11 to compensate it for its legal fees in this case and to deter Plaintiff from continuing to file frivolous lawsuits. Freedom also asks this Court to expand the Bankruptcy Court's vexatious litigant order against Bill Burch to designate Plaintiff as a vexatious litigant and impose a pre-filing injunction against her, too.

When "presenting to the court a pleading, written motion, or other paper," "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" "it is not being presented for any improper purpose" and the party's claims or legal contentions are nonfrivolous. FED. R. CIV. P. 11(b)(1), (2). Rule 11's purpose is to "deter

-24-

baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990), and "'to spare innocent parties and overburdened courts from the filing of frivolous lawsuits,'" *Cappa Fund III, L.L.C. v. Actherm Holding, A.S.,* No. 3:10-cv-897-L, 2011 WL 817384, at *2 (N.D. Tex. Feb. 21, 2011) (quoting *Kurkowski v. Volcker,* 819 F.2d 201, 204 (8th Cir.1987)).

After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. *See* FED. R. CIV. P. 11(c)(1). These may include monetary and injunctive sanctions, *see Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359-60 (5th Cir.1986), and even dismissal, *see Cappa Fund,* 2011 WL 817384, at *2 (citing *Jimenez v. Madison Area Technical Coll.,* 321 F.3d 652, 657 (7th Cir.2003)). Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *See Mendoza v. Lynaugh,* 989 F.2d 191, 196 (5th Cir.1993); FED. R. CIV. P. 11(c)(4). A sanction under Rule 11 is "an extraordinary remedy, one to be exercised with extreme caution." *Laughlin v. Perot,* No. 3:95-cv-2577-R, 1997 WL 135676, at *8 (N.D. Tex. Mar.12, 1997).

First, the Court should deny the motion for sanctions because Freedom has not shown that it complied with – and has not, in its motion or reply, even mentioned – Rule 11's safe-harbor provision. *See Castro & Co., LLC v. Diamond Offshore Servs. Ltd.*, No. 3:18-cv-574-M, 2018 WL 6069973, at *3 (N.D. Tex. Oct. 29, 2018). Federal Rule of Civil Procedure 11(c)(2) required Freedom to serve Plaintiff with a copy of the motion at least 21 days in advance of its filing. *See Askins v. Hagopian*, 713 F. App'x

-25-

380, 381 (5th Cir. 2018) (citing *In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008)). The United States Court of Appeals for the Fifth Circuit has "'continually held that strict compliance with Rule 11 is mandatory.'" *Id.* at 380 (quoting *In re Pratt*, 524 F.3d at 588 & n.30). "The requirement that the actual motion be served was deliberately imposed ... to ensure that the moving party understands the seriousness of [the] motion and [that it] will define precisely the conduct claimed to violate the rule." *SortiumUSA, LLC v. Hunger*, No. 3:11-cv-1656-M, 2014 WL 1080765, at *3-*4 (N.D. Tex. Mar. 18, 2014) (internal quotation marks omitted). A Rule 11 "motion for sanctions may [not] be filed with the court without serving the respondent with a *copy* at least twenty-one days in advance." *Askins v. Hagopian*, 713 F. App'x 380, 381 (5th Cir. 2018) (emphasis in original; internal quotation marks omitted). Freedom has provided no indication or proof that it complied with this pre-filing requirement.

Second, in the alternative, the Court should deny the motion even if Plaintiff violated Rule 11 by asserting claims and arguments that have been raised and fully litigated in previous actions and that, although this is the first action brought solely by Plaintiff, Plaintiff knew that other courts had resolved these issues in actions brought by Bill Burch or both Bill Burch and Plaintiff. Plaintiff did not technically violate the terms of Bankruptcy Court's July 10, 2020 vexatious litigant order by filing this lawsuit in her name alone, but, even if she violated the spirit of that order by certifying to this Court that her claims were not frivolous and were not presented for an improper purpose, Judge Mullin recently granted the injunctive relief that

-26-

Freedom seeks here by supplementing his vexatious litigant order to designate Plaintiff a vexatious litigant and impose a pre-filing injunction against her. The undersigned therefore alternatively recommends that Judge Mullin's sanctions are sufficient to deter Plaintiff from filing frivolous lawsuits and that more severe sanctions, like imposing monetary sanctions in addition to the Bankruptcy Court's injunctive sanctions, are not warranted here.

IV.    The Court should deny the motion to strike.

In her Motion to Strike, Reschedule Hearings, Remand, and Sanction Defendant, Plaintiff mostly repeats previous arguments. She asks the Court to strike the motion to dismiss not only because she argues the case should be remanded but also to sanction Freedom for its attorneys' allegedly bad behavior. She objects to the undersigned's order requiring the parties to confer and present a Federal Rule of Civil Procedure 26(f) scheduling report. *See* Dkt. No. 4. She does not state which hearings she wants the Court to reschedule, and there were no pending hearings.

The Court should deny this motion as moot.

## Recommendation

The Court should deny the Motion to Remand [Dkt. No. 8]; grant the Motion to Dismiss [Dkt. No. 5] and dismiss with prejudice Plaintiff Juanita Burch's claims; deny the Motion for Sanctions [Dkt. No. 12]; and deny as moot the Motion to Strike, Reschedule Hearings, Remand, and Sanction Defendant [Dkt. No. 12].

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE