IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUANITA BURCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3086-M-BN |
| | § | |
| FREEDOM MORTGAGE CORP., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 3.

Plaintiff Juanita Burch filed a response objecting to the Findings, Conclusions and Recommendation dated February 8, 2021 ("FCR"). *See* Dkt. No. 27. Because the response introduced new arguments and evidence, Chief Judge Lynn construed the response as a motion for reconsideration and referred the motion to the undersigned for a hearing, if necessary, and recommendation or determination. *See* Dkt. No. 28. Defendant Freedom Mortgage Corporation filed a response to the motion for reconsideration, *see* Dkt. No. 30, and Plaintiff filed a reply, *see* Dkt. No. 31.

For the reasons explained below, the Court should deny the motion for reconsideration.

## Background

In the FCR, the undersigned addressed four pending motions: (1) Plaintiff's motion to remand, *see* Dkt. No. 8; (2) Freedom's motion to dismiss, *see* Dkt. No. 5; (3) Freedom's motion for sanctions, *see* Dkt. No. 12; and (4) Plaintiff's motion to strike, *see* Dkt. No. 10. *See* Dkt. No. 26. The undersigned concluded the Court should deny the motion to remand, grant the motion to dismiss, and deny the motion for sanctions and the motion to strike. *See id.*

Plaintiff raises several new arguments in her objections to the FCR.

She asserts two new arguments challenging the recommendation that the motion to remand be denied. She argues the amount in controversy requirement for diversity jurisdiction has not been met because the Bankruptcy Court abandoned the Enchanted Lane Property and the notice of remand was filed by a non-party.

She challenges the recommendation that the motion to dismiss be granted and seems to now argue that the Court cannot dismiss her claims in this case because the appeal of the Bankruptcy Court's dismissal of the claims in the prior case (Burch III) was pending when the FCR was entered.

She also now challenges the merits of the Bankruptcy Court's order designating Bill Burch a vexatious litigation and points out that Bill Burch's appeal of the order is pending.

The undersigned will focus on the new arguments made in the motion for reconsideration. The undersigned will not address the other arguments because they

are repetitious of arguments previously made and are addressed in the FCR. The undersigned refers the Court and parties to the FCR and incorporates it by reference.

## Analysis

I. <u>The Court should overrule Plaintiff's objections to the motion to remand.</u>

    A. <u>The amount in controversy requirement has been met.</u>

Plaintiff now argues for the first time that the amount-in-controversy requirement for diversity jurisdiction has not been met because the Bankruptcy Trustee abandoned the Enchanted Lane property on August 16, 2018.

The Trustee filed a Notice of Intent to Abandon Property (Enchanted Lane). *See In re Burch*, No. 12-46959-mxm7 at Dkt. No. 548. The Trustee explained that it had not received any offers to purchase that property that were sufficient to meet the Estate's costs of paying the mortgage lender and all closing costs. It informed the Court that Freedom held a first lien on the Property in the amount of $126,614.18 as of June 27, 2018, with a per diem amount of $9.56 for each day thereafter. As a result, the Trustee determined that the Estate's interest in the Property had no equity. Finding that abandonment was necessary and in the best interests of the Bankruptcy Estate and its creditors, United States Bankruptcy Judge Mark X. Mullin authorized the Trustee to abandon the Enchanted Lane Property and ordered the property abandoned. *See id.* at 586.

Contrary to Plaintiff's argument that abandonment of the property demonstrates the property has no value, the Trustee's Notice supports the

determination that the amount in controversy in this case exceeds $75,000.

For the reasons stated in the FCR, see Dkt. No. 26 at 9-11, 14-16, the amount in controversy in this case exceeds $75,000, and this case is properly subject to the Court's diversity jurisdiction.

B.   The case was not removed by a non-party.

Plaintiff argues for the first time that the case was removed from state court by non-party Ditech Financial, LLC because it is mentioned once in the notice of removal.

The law is clear that a case filed in state court may be removed to federal court only by "the defendant or the defendants." 28 U.S.C. § 1441(a). A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case. *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action."); *F.D.I.C. v. Loyd*, 955 F.2d 316, 326 (5th Cir. 1992) ("Common sense and the practicalities of pleading dictate that no non-party to a state court proceeding has a mature right to remove that proceeding to federal court."); *Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973) (holding that district court lacked subject matter jurisdiction over a matter removed by a non-party).

The first sentence in the notice of removal states that Freedom is the party filing it. In the jurisdictional section, Freedom's citizenship is given for diversity purposes. The last paragraph concludes that, "[h]aving satisfied the requirements for

removal under 28 U.S.C. §§ 1441 and 1332, Ditech Financial, LLC. gives notice that Cause No. DC-20-14436, now pending in the 95th Judicial District Court of Dallas County, Texas, has been removed to this Court." *See* Dkt. No. 1 at 4. The notice is then signed by the attorney in charge for Freedom.

This is not a case in which a non-party removed a case from state court. *See Valencia v. Allstate Texas Lloyds,* 976 F.3d 953, 957 (5th Cir. 2020) (remanding because notice of removal filed by improperly substituted diverse non-party Allstate Texas Lloyds in place of non-diverse defendant Allstate Texas). Here, the reference to Ditech Financial, LLC appears to be a typo, and it is clear in from the substance of the notice that Defendant Freedom is the party removing the case.

    C.    <u>Plaintiff waived objections to non-jurisdictional defects in removal.</u>

Plaintiff also waived her right to challenge the removal on procedural grounds. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 12 U.S.C. 1447(c). A motion for remand based on procedural defects that is brought more than 30 days after the removal of the action is outside of the district court's power to grant. *See Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004). Freedom filed the Notice of Removal on October 9, 2020. *See* Dkt. No. 1. Plaintiff's first challenge to the procedural adequacy of the removal is in the motion for reconsideration, which was filed on March 8, 2021. *See* Dkt. No. 30. Since the motion for reconsideration was filed more than thirty days after

removal, Plaintiff's objections to non-jurisdictional defects in removal are untimely and have been waived. *See U.S. Bank Nat'l Ass'n v. Jefferson*, 314 F. Supp. 3d 768, 775 (S.D. Tex. 2018)

II.     The Court should overrule Plaintiff's objections to the motion to dismiss.

As an initial matter, Plaintiff contends that Freedom did not properly frame its motion to dismiss because it did not explicitly state that it sought dismissal for "failure to state a claim upon which relief can be granted." Freedom was not required to use those words, and it clearly stated that its motion was brought under Federal Rule of Civil Procedure 12(b)(6).

In the motion for reconsideration, Plaintiff now seems to argue that the motion to dismiss should be denied because the appeal of the Bankruptcy Court's dismissal of the claims in Burch III was pending when the undersigned submitted the FCR.

In Burch III, the case immediately prior to this one, the Bankruptcy Court granted Freedom's motion for judgment on the pleadings and dismissed Bill Burch and Plaintiff's claims. The Burches appealed, and United States District Judge John McBryde dismissed the appeal on non-substantive grounds. Bill Burch and Plaintiff then appealed to the United States Court of Appeals for the Fifth Circuit. *See* Dkt. No. 26 at 4-6.

Two days after the FCR was submitted, the Fifth Circuit affirmed the dismissal of the claims in Burch III, noting that "Burch's arguments are frivolous." *See In re Burch*, 835 F. App'x 741, 747, 748-49 (5th Cir. 2021). The dismissal is now final, and,

as explained in the FCR, Plaintiff's claims in this lawsuit, which involve the identical issues raised in Burch III, are precluded by collateral estoppel. *See* Dkt. No. 26 at 17- 21.

III. <u>The Court should take no action concerning the vexatious litigant order.</u>

The Bankruptcy Court entered an order designating Bill Burch a vexatious litigant. *See id.* at 6. Bill Burch appealed the order to the Fifth Circuit. *See Burch v. Mullins*, No. 20-11106 (5th Cir. 2020). In her motion for reconsideration, Plaintiff challenges the merits of the Bankruptcy Court order designating Bill Burch a vexatious litigant, but that order is not before this Court. Nor is the Bankruptcy Court order designating Plaintiff a vexatious litigant, which she mentions in her argument.

**Recommendation**

The Court should deny the Motion for Reconsideration [Dkt. No. 27].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 27, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE