IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUANITA BURCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3086-M-BN |
| | § | |
| FREEDOM MORTGAGE CORP., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 3.

Plaintiff Juanita Burch has been designated a vexatious litigant by the United States Bankruptcy Court for the Northern District of Texas. Among other things, the Bankruptcy Court's vexatious litigant order precludes Plaintiff from filing motions in any court without the Bankruptcy Court's prior written approval.

After the vexatious litigant designation, Plaintiff filed a Motion to Expedite [Dkt. No. 32] and a Motion to Compel [Dkt. No. 33] in this Court without the Bankruptcy Court's written approval. She then filed a Motion to Abate those motions pending approval from United States Bankruptcy Judge Mark X. Mullin to file them. *See* Dkt. No. 34. Defendant Freedom Mortgage Corporation filed a Motion to Strike the motions to expedite and compel because they were filed in direct violation of the

Bankruptcy Court's vexatious litigant order.

For the reasons explained below, the Court should grant the Motion to Strike and strike both the motion to expedite and the motion to compel. The Court should also strike the motion to abate.

## Background

Plaintiff and her husband, Bill Burch, have filed numerous lawsuits based on allegations that various lenders' liens were somehow invalidated in Bill Burch and Plaintiff's 2008 Bankruptcy Case or Bill Burch's 2012 Bankruptcy Case. Four of those lawsuits, including this one, challenge Freedom's lien on real property located at 1713 Enchanted Lane in Lancaster, Texas. *See* Dkt. No. 26 at 2-7 (discussing those lawsuits in detail). The Enchanted Lane Property was part of the bankruptcy estate in the 2008 Bankruptcy Case and is part of the bankruptcy estate in the 2012 Bankruptcy Case.

United States Bankruptcy Judge Mark X. Mullin entered an Order (A) Designating William Paul Burch as a Vexatious Litigant, and (B) Granting Related Relief on July 10, 2020. *See* Dkt. No. 38-1 (the "Original Vexatious Litigant Order"). In the Original Vexatious Litigant Order, Judge Mullin noted it was "offensive" that Bill Burch kept relitigating the same matters, and that "[a]ll of these issues have been litigated, time and time again, and you've lost in your underlying bankruptcy case, in now three different adversary proceedings, and when you lose, you continue to go back and file new lawsuits in state court, which frankly, is a bit offensive." *See id.* at 2. To curb Bill Burch's abusive practices, Judge Mullin designated him a

vexatious litigant and sanctioned him

> by restricting his ability to file future lawsuits, motions, pleadings, or other requests for affirmative relief in any federal trial court, or Texas state or local trial court, against any party involving personal or real property that was included in the Debtor's 2008 Bankruptcy Case or 2012 Bankruptcy Case (the "**Restricted Subject Matter**") without first securing this Court's prior written authorization to do so.

*Id.* at 4 (emphasis in original).

After entry of the Original Vexatious Litigant Order, Plaintiff and her husband began filing lawsuits in her name only. This is one of those lawsuits.

In recognition of the Burches' new tactics, Judge Mullin issued an Order (A) Designating Juanita Burch as a Vexatious Litigant; (B) Expanding Scope of, and Restrictions Contained in, Prior Vexatious-Litigant Order Designating William Paul Burch as a Vexatious Litigant; and (C) Granting Related Relief (the "Expanded Vexatious Litigant Order") on February 2, 2021. *See* Dkt. No. 38-2.

In the Expanded Vexatious Litigant Order, Judge Mullin noted that, despite Bill Burch's designation as a vexatious litigant, he was utilizing Plaintiff Juanita Burch to evade the Original Vexatious Litigant Order to file additional meritless lawsuits solely in her name. Judge Mullin found and concluded that "(a) both the Debtor [Bill Burch] and Juanita Burch should be deemed vexatious litigants, and (b) the scope of, and restrictions in, the Vexatious-Litigant Order need to be expanded to prevent the Debtor and Juanita Burch from filing additional frivolous, harassing, and vexatious pleadings and other documents." *Id.* at 6-7.

Judge Mullin ordered, in pertinent part:

-3-

> If any Restricted Filer [defined as Bill Burch and Plaintiff] wants to file *any* document—not just a motion, pleading, or other request for affirmative relief, but **any document whatsoever other than a notice of appeal and documents related to the appeal**—(a "**Proposed Filing**") in a state or local trial court or federal trial court that relates *in any way* to the Restricted Subject Matter, the Restricted Filer must first seek written permission from this Court to do so. To seek written permission from the Court, the Restricted Filer shall file in this bankruptcy case a "Request for Proposed Filing."
>
> …
>
> Each Request for Proposed Filing shall contain a plain and concise explanation of the Proposed Filing, the applicable court where the Restricted Filer intends to file the Proposed Filing, and the Restricted Filer's justification for the Proposed Filing. Each Request for Proposed Filing must contain, as an exhibit, a copy of the Proposed Filing as such document would be filed by the Restricted Filer. Each Request for Proposed Filing shall also contain a certificate of service that reflects service of the Request for Proposed Filing (including all exhibits) on any person who would be affected by the Proposed Filing.

*Id.* at 7 (emphasis in original). The Restricted Subject Matter was previously defined as

> future lawsuits, motions, pleadings, or other requests for affirmative relief in any federal trial court, or Texas state or local trial court, against any party involving personal or real property that was included in the Debtor's 2008 Bankruptcy Case or 2012 Bankruptcy Case.

Dkt. No. 38-1 at 5. The Enchanted Lane Property was included in in both the 2008 and 2012 Bankruptcy Cases.

On April 30, 2021, Plaintiff filed a Motion to Expedite. *See* Dkt. No. 32. In the motion to expedite, Plaintiff again argues for remand to state court and repeats the arguments that she made in the Motion to Remand and her response to Freedom's Motion to Dismiss. She also attempts to challenge both the Original Vexatious

-4-

Litigant Order and the Expanded Vexatious Litigant Order even though both orders are currently being considered on appeal to the United States Court of Appeals for the Fifth Circuit. *See Burch v. America's Servicing Co.*, No. 20-11132 (5th Cir. 2020). Plaintiff did not obtain the Bankruptcy Court's prior approval to file the motion to expedite.

On May 5, 2020, Plaintiff filed a Motion to Compel in which she makes new allegations about property repairs and asks the Court to compel Freedom to pay her the insurance proceeds that it purportedly received for roof repairs made in 2017. *See* Dkt. No. 33. Plaintiff did not obtain the Bankruptcy Court's prior approval to file the motion to compel.

On May 15, 2021, Plaintiff filed a motion to abate both the motion to expedite and the motion to compel while she seeks the Bankruptcy Court's permission to file those motions. *See* Dkt. No. 34. Plaintiff did not obtain the Bankruptcy Court's prior approval to file the motion to abate.

On March 14, 2021, Freedom filed a motion to strike both the motion to expedite and the motion to compel because they were filed in direct violation of the Expanded Vexatious Litigant Order. *See* Dkt. No. 37.

## Analysis

It is undisputed that the Bankruptcy Court designated Plaintiff as a vexatious litigant and that, in its Expanded Vexatious Litigant Order, it expressly prohibits Plaintiff from filing any document seeking affirmative relief in any lawsuit concerning the Enchanted Lane Property without the Bankruptcy Court's prior

written approval. In her motion to abate, Plaintiff admits that she ignored the procedure detailed in the Expanded Vexatious Litigant Order for requesting a proposed filing and violated the Expanded Vexatious Litigant Order by filing the motion to expedite and the motion to compel without the required written prior approval. The court should strike the motion to expedite, motion to compel, and motion to abate because all three were filed in direct violation of the vexatious litigant order.

## Recommendation

The Court should GRANT the Motion to Strike [Dkt. No. 37] and strike the Motion to Expedite [Dkt. No. 32] and the Motion to Compel [Dkt. No. 33]. The Court should also strike the Motion to Abate [Dkt. No. 34].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party

from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 27, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE