IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUANITA BURCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3086-M-BN |
| | § | |
| FREEDOM MORTGAGE CORP., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 3.

Defendant Freedom Mortgage Corporation has filed a Motion to Expunge Notice of Lis Pendens. *See* Dkt. No. 35. Plaintiff Juanita Burch has filed a response, *see* Dkt. No. 37, and Freedom has filed a reply, *see* Dkt. No. 42. Freedom also filed a Motion for Expedited Ruling on Its Motion to Expunge Notice of Lis Pendens. *See* Dkt. No. 43.

For the reasons explained below, the Court should grant the motion to expunge the notice of lis pendens and deny the motion to expedite as moot.

**Background**

Plaintiff filed this lawsuit in the 95th District Court of Dallas County, Texas on October 2, 2020. It is the most recent in a series of lawsuits filed by Plaintiff, her

-1-

husband William "Bill" Burch, or both alleging that Freedom's lien on real property located at 1713 Enchanted Lane in Lancaster, Texas, was somehow invalidated in Bill Burch and Plaintiff's 2008 Bankruptcy Case or Bill Burch's 2012 Bankruptcy Case. *See* Dkt. No. 26 at 2-7 (discussing those lawsuits in detail).

Plaintiff also filed an application for a temporary restraining order ("TRO") to stop a foreclosure sale of the Enchanted Lane Property scheduled for October 6, 2020. The District Court denied the TRO on October 5, 2020.

On October 8, 2020, Plaintiff recorded a Notice of Lis Pendens in the real property records of Dallas County, Texas, *see* Dkt. No. 36-2, but did not serve a copy of the notice on Freedom.

Freedom removed the case to this Court on October 9, 2020.

Freedom subsequently sold the Enchanted Lane Property and has recently become aware that the foreclosure sale purchaser is attempting to sell the property but cannot do so because the lis pendens is clouding title.

Freedom now moves to expunge the notice of lis pendens. *See* Dkt. No. 35.

**Legal Standards**

"Texas state law controls the validity of a lis pendens in federal court." *Garza-Selcer v. 1600 Pac. Subtenant, LLC*, Civ. A. No. 3:15-cv-3791-N, 2016 WL 11474103, at *8 (N.D. Tex. Aug. 30, 2016) (citing 28 U.S.C. § 1964). The Texas Property Code provides that, "during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property," a party may file a notice that the action is

-2-

pending. TEX. PROP. CODE § 12.007(a). "A lis pendens does not operate as a lien on property," and it "'operates only during the pendency of the lawsuits.'" *Pruitt v. Bank of N.Y. Mellon*, Civ. A. No. 3:15-cv-2359-L, 2015 WL 6157319, at *1 (N.D. Tex. Oct. 19, 2015) (first citing *In re Miller*, 433 S.W.3d 82, 85 (Tex. App. – Houston [1st Dist.] 2014, no pet.); and then quoting *Berg v. Wilson*, 353 S.W.3d 166, 180 (Tex. App. – Texarkana 2011, pet. denied)).

But a "party to an action in connection with which a notice of lis pendens has been filed" may "apply to the court to expunge the notice." TEX. PROP. CODE § 12.0071(a). The Court shall order the notice of lis pendens expunged if the court determines that: (1) the pleading on which the notice is based does not contain a real property claim; (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d). *See id.* § 12.0071(c). To establish that a pleading contains a real property claim under Section 12.0071(c)(1), a claimant must "demonstrate that the underlying litigation is 'an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property.'" *In re Moreno*, NO. 14-14-00929-CV, 2015 WL 225049, at *2 (Tex. App. – Houston [14th Dist.] Jan. 15, 2015, orig. proceeding) (quoting TEX. PROP. CODE § 12.007(a)). "In other words, the property against which the lis pendens is filed must be the subject matter of the underlying lawsuit." *Maniatis v. SLF IV - 114 Assemblage, L.P.*, NO. 06-18-00061-CV, 2019 WL 1560680, at *4 (Tex. App. –

-3-

Texarkana Apr. 11, 2019, rev. denied) (quoting *In re Collins*, 172 S.W.3d 287, 293 (Tex. App. – Fort Worth 2005, orig. proceeding)). If there is a dispute of material fact as to whether the property is the subject of the underlying lawsuit, the court may not grant the motion to expunge on this basis. *See In re Collins*, 172 S.W.3d at 297.

Even if the court determines that the claimant pleaded a real property claim, the court must expunge the lis pendens if the claimant fails to establish "the probable validity of its claim by a preponderance of the evidence." *In re I-10 Poorman Invs., Inc.*, 549 S.W.3d 614, 617 (Tex. App. – Houston [1st Dist.] 2017, orig. proceeding) (citation omitted). While a party cannot rely on conclusory affidavits to meet this burden, it does not need to submit enough evidence prove its claim. *Compare id.* (expunging a lis pendens where a party submitted an affidavit stating no more than that the action involved title to real property), *with In re Cook*, No. 09-16-00420-CV, 2016 WL 7473894, at *2 (Tex. App. – Beaumont Dec. 29, 2016, orig. proceeding) (reversing expunction of a lis pendens where the party that filed the notice attested in an affidavit that she repaired the house, that the seller was aware that she intended to resell the house, and that she relied on the seller's promise to reduce their agreement to writing).

## Analysis

I. <u>The motion to expunge the notice of lis pendens should be granted.</u>

The Court should grant the motion to expunge because Plaintiff fails to comply with the second and third elements of Texas Property Code § 12.0071(c).

    A.    <u>Plaintiff fails to establish the probable validity of her claims.</u>

As discussed in detail in the undersigned's Findings, Conclusions and Recommendations dated February 28, 2021, and May 7, 2021, Plaintiff's claims concerning the Enchanted Lane Property have been previously adjudicated and dismissed by numerous courts before. *See* Dkt. Nos. 26 and 40. Most recently, the Unites States Court of Appeals for the Fifth Circuit affirmed the Bankruptcy's Court's grant of Freedom's motion for judgment on the pleadings and dismissal of Plaintiff's claims concerning the Enchanted Lane Property, noting that "Burch's arguments are frivolous." *See In re Burch*, 835 F. App'x 741, 747, 748-49 (5th Cir. 2021). And, in this case, the undersigned recommends in both FCRs that the Court grant Freedom's motion to dismiss because Plaintiff's claims are barred by collateral estoppel.

In her response to the motion to expunge, Plaintiff repeats previous arguments, including her complaints about the Northern District of Texas Bankruptcy Court's order designating Plaintiff a vexatious litigant, which are addressed in the February 28, 2021 and May 7, 2021 FCRs and will not be repeated here.

As to the lis pendens, Plaintiff states that she will probably prevail if the case is remanded to state court. But she fails to produce any evidence in response to the motion to expunge, and, as a result, she fails to meet her evidentiary burden of establishing by a preponderance of the evidence the probable validity of her real property claims. *See In re Rescue Concepts, Inc.,* 498 S.W.3d 190, 194 (Tex. App. –

Houston [1st Dist.] 2016, orig. proceeding) (holding party "necessarily failed to establish by a preponderance of the evidence the probable validity of its real property claim" when it "failed to submit any evidence in its response to [the movant's] motion to expunge"); *HC Operating, LP v. Atlas Apartments Acquisition, LLC,* No. 3:19-cv-2425-S-BN, 2020 WL 1788610, at *6 (N.D. Tex. Mar. 23, 2020) ("[T]he court must expunge a lis pendens if the party produces no evidence in support of its claims."); *Fu v. Chin,* No. 3:18-cv-2066-N-BN, 2021 WL 1877064, at *2 (N.D. Tex. Apr. 8, 2021) (recognizing that court must expunge lis pendens if claimant fails to establish the validity of its claim by a preponderance of evidence).

    B.    Plaintiff fails to establish that she provided Freedom with a copy of the <u>notice of lis pendens.</u>

Section 12.007(d) of the Texas Property Code requires a person recording a notice of lis pendens to "serve a copy of the notice on each party to the action who has an interest in the real property affected by the notice" within three days of the recording. There is nothing on the face of the Notice of Lis Pendens that indicates Plaintiff served a copy of it on Freedom. And Freedom states that it did not receive the required notice.

Plaintiff does dispute the allegation that she failed to comply with Section 12.007(d)'s service requirement. Nor does she produce any evidence in response to the motion to expunge showing that she timely sent Freedom a copy of the notice, and, as a result, she fails to meet her evidentiary burden of establishing by a preponderance of the evidence that she served a copy of the notice on Freedom as

required.

II.     <u>The motion for an expedited ruling should be denied as moot.</u>

Freedom seeks an expedited ruling on its motion to expunge the notice of lis pendens because, "as more time passes by, Freedom is at greater risk for being a target in a collateral suit in regard to the Burches' defective Lis Pendens" and "to avoid any potential claims arising from a putative cloud on title."

This FCR is being filed the day after the motion to expedite was filed and effectively sets in motion the process for an expedited ruling.

**Recommendation**

The Court should grant the Motion to Expunge Notice of Lis Pendens [Dkt. No. 35] and deny as moot Defendant's Motion for Expedited Ruling on Its Motion to Expunge Notice of Lis Pendens [Dkt. No. 43].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 10, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE