IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUANITA BURCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3086-M-BN |
| | § | |
| FREEDOM MORTGAGE CORP., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 3.

On May 27, 2021, the undersigned entered Findings, Conclusions and Recommendations ("FCR") that addressed three motions filed by Plaintiff Juanita Burch and one motion filed by Defendant Freedom Mortgage Corporation. *See* Dkt. No. 41. Any party objecting to any part of the FCR was required to file specific written objections within 14 days. *See id.* at 6.

Plaintiff Juanita Burch filed objections to the FCR on June 9, 2021. *See* Dkt. No. 44.

Freedom filed a response to Plaintiff's objections on June 14, 2021. *See* Dkt. No. 47.

Plaintiff now moves to strike Freedom's response as untimely because it was

not filed within the 14-day deadline. *See* Dkt. No. 49.

The Court should deny the motion to strike for two reasons. First, the 14-day deadline did not include responses to objections. Freedom did not object to the FCR but was responding to Plaintiff's objections. And second, the Court accepted the FCR on June 15, 2021, *see* Dkt. No. 51, making the motion to strike moot.

## Recommendation

The Court should DENY Plaintiff's Motion to Strike as Untimely Defendant Freedom Mortgage Corp.'s Response (Doc. 47) to Plaintiff's Response Regarding the Magistrate's Findings, Conclusions and Recommendation [Dkt. No. 49].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation m file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

*See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 28, 2021

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE