IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUANITA BURCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3086-M-BN |
| | § | |
| FREEDOM MORTGAGE CORP., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 3.

On June 28, 2021, Plaintiff Juanita Burch filed a Notice of Appeal stating that she appealed "the Order entered in this action on June 15, 2021." Dkt. No. 54. Burch did not specify which of the three orders entered June 15, 2021 [Dkt. Nos. 50, 51, 52] she appealed. *See id.*

The parties filed motions while the interlocutory appeal was pending that the Court held in abeyance because they affected aspects of the case involved in the appeal. *See Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007).

Burch filed a motion to voluntarily dismiss or withdraw the interlocutory appeal on November 3, 2021. *See Burch v. Freedom Mortgage*, No. 21-10654 (5th Cir.

1

2021). The Fifth Circuit Court of Appeals granted the motion and dismissed the interlocutory appeal on November 16, 2021.

Because the interlocutory appeal has been dismissed, the undersigned makes the following findings, conclusions and recommendations on the pending motions.

First, the Court should deny Burch's motion to compel and motion to stay and grant Freedom's motion to strike because Burch filed the motions and Freedom seeks to strike documents Burch filed in direct violation of a vexatious litigant order.

Burch was designated a vexatious litigant by the United States Bankruptcy Court for the Northern District of Texas on February 2, 2021. Among other things, the Bankruptcy Court's vexatious litigant order precludes Burch from filing "***any document whatsoever other than a notice of appeal and documents related to the appeal***" in any court "that relates ***in any way*** to" property including the Enchanted Lane property at issue in this case without the Bankruptcy Court's prior written approval. *See In re Burch*, No. 12469-59-mxm7 at Dkt. No. 966 (emphasis in original); Dkt. No. 38-2; *see also* Dkt. No. 41 at 2-4 (discussing the vexatious litigant order).

Burch tried to get around the vexatious litigant designation by filing an interlocutory appeal on June 28, 2021. *See* Dkt. No. 54. Burch admitted that she filed the interlocutory appeal "only because her understanding is that she is not allowed to file for reconsideration." Dkt. No. 58 at 2.

On July 5, 2021, Burch filed a motion to compel asking the Court to compel

Freedom to pay her the insurance proceeds that it purportedly received for roof repairs made in 2017. *See* Dkt. No. 56. A "Request for Proposed Filing" is attached, seeking United States Bankruptcy Judge Mark X. Mullins' permission to file the motion to compel. *See* Dkt. No. 33-2. But there is no Bankruptcy Court order granting Burch permission to file the motion to compel in the record for this case.

On July 5, 2021, Burch also filed a Request for Proposed Filing to file a motion to stay expungement of a notice of lis pendens. *See* Dkt. No. 57. Burch filed a notice of lis pendens concerning the Enchanted Lane property. *See* Dkt. No. 36-2. The Court granted Freedom's motion to expunge the lis pendens [Dkt. No. 35]. *See* Dkt. No. 52; *see* also Dkt. No. 45 (addressing the motion to expunge the lis pendens). In the proposed motion, Burch seeks to stay expungement of the lis pendens. *See* Dkt. No. 57-1. There is no Bankruptcy Court order granting Burch permission to file the motion to stay in the record for this case.

On August 24, 2021, Freedom filed a motion to strike Burch's Response and Objection to Court orders accepting FCRs [Dkt. No. 60] and Burch's notice of blackmail and extortion [Dkt. No. 63] because there is no Bankruptcy Court order granting Burch permission to file those documents in the record for this case. *See* Dkt. No. 64.

Second, the Court should grant Freedom's motion for entry of final judgment.

On July 2, 2021, Freedom filed a motion seeking entry of final judgment, asserting that the Court had granted Freedom's motion to dismiss [Dkt. No. 5] and

3

denied Burch's motion to remand [Dkt. No. 8]. *See* Dkt. No. 55. But there was confusion in the record as to whether the Court had actually ruled on those motions.

The undersigned entered an FCR recommending that the Court grant Freedom's motion to dismiss and deny Burch's motion to remand. *See* Dkt. No. 26.

Burch filed objections to the FCR. *See* Dkt. No. 27. Because Burch submitted new arguments and new evidence, the Court construed Burch's objections as a motion for reconsideration. *See* Dkt. No. 28. The undersigned entered an FCR recommending that the Court deny the motion for reconsideration, see Dkt. No. 40, and the Court denied the motion for reconsideration, *see* Dkt. No.50.

The Court denied the motion to dismiss and granted the motion to remand. *See* Dkt. No. 75 (accepting FCR [Dkt. No. 26]).

Once the Court resolves the pending motions addressed above, there will be no outstanding motions and the Court should enter Final Judgment dismissing all of Burch's claims with prejudice and expunging the lis pendens encumbering the Enchanted Lane Property.

**Recommendation**

Plaintiff Juanita Burch's Motion to Compel [Dkt. No. 56] and Motion to Stay Lis Pendens Expungement [Dkt. No. 57] should be denied; Defendant Freedom Mortgage Corp.'s Motion to Strike Plaintiff's Response to Prior Orders in This Case Based on Rule 58(a) and Notice of Blackmail and Extortion by Freedom [Dkt. No. 64] should be granted and Plaintiff's Response to Prior Orders in this Case [Dkt. No. 60]

and Notice of Blackmail and Extortion by Freedom [Dkt. No. 63] should be stricken.

Freedom Mortgage Corp.'s Motion for Entry of Final Judgment [Dkt. No. 55] should be granted, all of Plaintiff Juanita Burch's claims should be dismissed with prejudice, and the Lis Pendens recorded by Plaintiff Juanita Burch in the Dallas County Real Property Records as Instrument 202000276491 regarding the real property located at 1713 Enchanted Lane, Lancaster, Texas 75146 and more particularly described as follows:

> LOT 42 OF ENCHANTED FOREST, AN ADDITION TO THE CITY OF LANCASTER, CALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 141, PAGE 1994, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS

should be expunged.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party

from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 17, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE